JANVIER, Judge.
Plaintiff, a liability insurance company, having issued to an automobile owner, Rene W. Chaix, Jr., a policy of what is termed comprehensive insurance, was required by Chaix to pay the cost of repairing the damage sustained by the hinged hood of his 19S8 Buick automobile which blew up against the top of the front of the car when, at about 2:00 o’clock on the afternoon of December 24, 1961, Chaix was operating the car.
The automobile had been serviced at about 10:30 o’clock on that morning by City Park Gulf Service Station, owned and operated by Alphonse J. Seeling, and, in that process, the hood of the car had necessarily been raised by the service attendant in order that he might make the usual check of oil, water, battery, etc.
Having secured from Chaix a subrogation, the plaintiff insurer brought this suit against Seeling, the operator of the service station, charging that, when the car had been serviced on the morning in question, the attendant had failed to properly lower and completely close the hood.
From a judgment dismissing the suit, plaintiff has appealed.
The car had been driven into and out of the service station at about 10:30 o’clock in the morning by Mrs. Chaix who, later •during the morning after leaving the service station, drove at a normal city speed of from 20 to 30 miles an hour, a distance of about four and a half miles. In leaving the service station she had negotiated a depression between the floor of the service station and the street, this depression being about ten inches below the two levels.
During the process of servicing, Mrs. Chaix had not left the seat of the car, and, after driving it about the stated distance, had placed it in the family carport and had not noticed at any time anything unusual about or any rattling of the hood. She placed the car in the carport at about 11:30 o’clock in the morning. At about 2:00 •o’clock in the afternoon Mr. Chaix drove the car from the carport to the Veterans Highway. He then drove along the highway about three-quarters of a mile and turned into Causeway Boulevard, and had driven on that boulevard a distance of possibly a mile when, suddenly without warning, the hood flew up and the damage was sustained.
In driving along Causeway Boulevard Mr. Chaix says that he drove at a speed of about 45 miles an hour, which he says was a little above his usual speed because he did not want to be late in reporting for work.
So far as the record discloses there was no defect in the latch equipment of the hood. Both Chaix and his wife testified that it had never given trouble in the past, and the mechanic, who later repaired or replaced the hood, said that the locking apparatus was in perfect condition.
Had the hood flown open shortly after servicing of the car, the circumstantial evidence might, in fact, probably would have justified a holding that the hood had not been properly closed. However, because of the lapse of some four hours between the servicing of the car and because of the fact that the car had been driven over many city streets and over the incline at the service station, and because of the age of the ■ car which, though not particularly old, had been in use three years or more, we feel that obviously the judge a quo was not manifestly in error in reaching the conclusion that the evidence did not justify a holding that the hood had not been properly closed.
Conceding that the plaintiff might not be required to eliminate any other possible hypothesis, surely it was properly required to show more than the remote possibility that the accident might have occurred as claimed.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.